UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GRAYER WAYNE DEAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:07 CV 1261 CEJ |
| ) | DDN |
| JIM MOORE, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action is before the court upon the petition of Missouri state prisoner Grayer Wayne Dear for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned United States Magistrate Judge for review and a recommended disposition in accordance with 28 U.S.C. § 636(b).

## I. BACKGROUND

On January 27, 2003, petitioner Grayer Dear pleaded guilty in the Circuit Court of the City of Saint Louis to felony possession of a controlled substance and to the misdemeanors of possession of drug paraphernalia and trespassing. (Doc. 11, Ex. B at 2-19.) At that time, the judge suspended the imposition of sentence and ordered petitioner to be released on supervised probation for a term of four years. (Id. at 27.)

On April 10, 2003, a probation violation was filed and an arrest warrant was issued for petitioner. (Id., Ex. A at 3.) The circuit court, on September 26, 2003, revoked petitioner's probation and imposed a twelve-year sentence. (Id., Ex. C at 5-7.) However, the circuit court suspended the execution and ordered petitioner to be placed on probation for five years. (Id.)

On February 2, 2004, another probation violation was filed and a warrant was issued for petitioner's arrest. (Id., Ex. A at 6.) The circuit court held a probation revocation hearing on April 2, 2004, which resulted in the revocation of petitioner's probation and the execution

of his previously imposed twelve-year sentence. (Id., Ex. D at 5-8.) In so ordering, the circuit court indicated that the sentence was being imposed under Mo. Rev. Stat. § 559.115, with the understanding that the Department of Corrections would give petitioner an opportunity to participate in the 120-day shock incarceration program. (Id. at 9.)

On July 28, 2004, after petitioner had successfully completed the 120-day shock incarceration program, the circuit court ordered the petitioner's release on probation and required him to enter a community release center for 120 days. (Id., Ex. A at 8.) However, petitioner failed to report as scheduled to the Community Release Center, which, on November 19, 2004, resulted in the revocation of his probation and execution of the remainder of his twelve-year sentence. (Id., Ex. E at 5-6.)

On January 20, 2005, petitioner filed a motion for post-conviction relief under Missouri Supreme Court Rule 24.035. (Id., Ex. F.) The circuit court dismissed the motion as untimely on June 24, 2005. (Id.)[1]

On March 9, 2006, petitioner filed a petition for a writ of habeas corpus with the Circuit Court of Pike County.[2] The petition was dismissed on March 13, 2006.[3] On June 6, 2006, petitioner filed a petition for a writ of habeas corpus with the Missouri Court of Appeals, which was denied.[4] On January 10, 2007, petitioner filed for a writ of habeas corpus with the Circuit Court of Pike County, which was ultimately denied

---

[1]"Motion to rescind order appointing the appellant public defenders' office to represent movant on his *untimely filed rule 24.035 motion* dismiss with prejudice Judge Philip D. Heagney, Div 10[.]" (Doc. 11, Ex. F.) (emphasis added).

[2]The date petitioner filed his petition for a writ of habeas corpus with the Circuit Court of Pike County was obtained from www.courts.mo.gov/casenet/cases/header.do.

[3]The date petitioner's petition was dismissed from the Circuit Court of Pike County was obtained from www.courts.mo.gov/casenet/cases/header.do.

[4]The date petitioner filed a petition for a writ of habeas corpus with the Missouri Court of Appeals was obtained from www.courts.mo.gov/casenet/cases/header.do.

on January 23, 2007.[5] (Doc. 1, Ex. 1 at 2.) On February 9, 2007, petitioner filed a petition for a writ of habeas corpus with the Missouri Court of Appeals, which was ultimately denied on February 22, 2007. (Id. at 3.) On May 5, 2007, petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Missouri; the petition was denied on June 26, 2007.[6] (Id. at 5.)

On July 10, 2007, petitioner filed his petition for a writ of habeas corpus with this court. (Doc. 1.)

## II. PETITIONER'S GROUND FOR HABEAS CORPUS RELIEF

Petitioner alleges one ground that his federal constitutional rights were violated: the circuit court lacked the authority under Missouri law to order him to reside for 120 days in a community release center after completing the 120-day shock period. (Doc. 1.)

Respondent asserts that the petition for habeas corpus is untimely filed and without merit. (Doc. 9.)

## III. STATUTE OF LIMITATIONS

A petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year from the latest of: (1) the final judgment on direct review or the expiration of time for seeking such review, or (2) the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence.[7] 28 U.S.C. § 2244(d).

---

[5]The date petitioner filed his petition for a writ of habeas corpus with the Circuit Court of Pike County is different from what he alleged in his petition and was obtained from www.courts.mo.gov/casenet/cases/header.do.

[6]The date petitioner filed his petition with the Missouri Supreme Court was obtained from www.courts.mo.gov/casenet/cases/header.do.

[7]Two additional events may trigger the running of the statute of limitations, neither of which are relevant to petitioner's habeas claim. See 28 U.S.C. § 2244(d)(1)(B),(C).

### A. Final Judgment

Respondent argues that, since petitioner's sentence was imposed on September 26, 2003, but not executed until November 19, 2004, the judgment became final and triggered the limitations period, at the latest, on November 19, 2004.

In a criminal case, the judgment becomes final when the sentence becomes final at the conclusion of direct review or the expiration of the time for seeking such review. Burton v. Stewart, 549 U.S. 147, ---, 127 S.Ct. 793, 798-99 (2007). Under Missouri law, judgment has not been entered in a criminal case when there is a suspended imposition of sentence, because no "original sentencing" has occurred and there is still an active criminal proceeding that is merely suspended. Edwards v. State, 215 S.W.3d 292, 295 (Mo. Ct. App. 2007) (citing Yale v. City of Independence, 846 S.W.2d 193, 194-95 (Mo. 1993)).

Missouri law also indicates that a suspended execution of sentence is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. State v. Nelson, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999). Furthermore, a judgment under Missouri law does not become final until "thirty days after its entry if no timely authorized after-trial motion is filed." Mo.Sup.Ct.R. 81.05(a)(1). After final judgment has been entered, a party has ten days within which he is able to file an appeal. Mo.Sup.Ct.R. 30.01(d).

Petitioner pleaded guilty on January 27, 2003, to possession of a controlled substance and to the misdemeanors of possession of drug paraphernalia and trespassing. (Doc. 11, Ex. B at 1-3.) At that time the circuit court suspended the imposition of sentence and released petitioner on supervised probation for a term of four years. (Id.) However, on September 26, 2003, the circuit court imposed a twelve-year sentence, but suspended the execution of the sentence and placed petitioner on probation for five years. (Id., Ex. C at 7.) Since petitioner did not file a post-conviction motion before October 26, 2003 (30 days after the suspended execution of the sentence), the judgment became final on that date. Additionally, because petitioner did not file an appeal of the final judgment before November 5, 2003 (10 days after final judgment), the one-year limitations period would begin on November

5, 2003.  However, it must be determined if the final judgment is the latest triggering event under § 2244(d)(1).

**B.   Factual Predicate of Claim**

Pursuant to § 2244(d)(1)(D), a petitioner may use a date later than the accrual of final judgment only if the "vital facts" underlying his claim could not have been known at the time of final judgment. McAleese v. Brennan, 483 F.3d 206, 214 (3d Cir. 2007).

In petitioner's habeas petition, he claims that the circuit court lacked the power to order him to reside for 120 days in a community release center after successfully completing the 120-day shock period. (Doc. 1 at 7-8).  Because the circuit court ordered petitioner to report to St. Louis Community Release Center on August 3, 2004, and this incident is the crux of petitioner's claim, August 3, 2004, is the date which the "factual predicate" of petitioners claim could have been discovered through the exercise of due diligence.

Therefore, because the date petitioner learned of the factual predicate of his claim is later than the date that judgment was made final, the 1-year statute of limitation was triggered by the ordering of petitioner to report to a community release center on August 3, 2004.

**C.   Improper Filing**

The federal limitations period for filing a petition for habeas corpus is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."   28 U.S.C. § 2244(d)(2).   In determining whether an application is "properly filed," the court determines whether its delivery and acceptance are "in compliance with the applicable laws and rules governing filings." Runyan v. Burt, 521 F.3d 944, 944-45 (8th Cir. 2008) (citing Artuz v. Bennett, 531 U.S. 4, 8 (2000)).  Additionally, an application for post-conviction relief that is untimely filed is not "properly filed" and will not toll the limitations period. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

On January 20, 2005, petitioner filed a motion for post-conviction relief with the circuit court, which was untimely and ultimately

dismissed as such on July 24, 2005. (Doc. 11, Ex. F.) Because his application for State post-conviction review was "untimely filed," the statute of limitations is not tolled during this period. (See Id.); see also Pace, 544 U.S. at 417. Therefore, the statute of limitations expired August 3, 2005, one year after petitioner was ordered to report to the community release center.

Additionally, after the dismissal of his state post-conviction motion, petitioner failed to take any additional action until March 9, 2006, which was not until after the statute of limitations had expired. See Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2002) (per curiam) (holding that a Missouri state habeas action filed after the one-year federal limitations period has run does not revive the time in which to file a habeas position).

### IV. STANDARD OF REVIEW

Habeas relief may not be granted by a federal court on a claim that has been decided on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254 (d)(1)-(2). "A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case." Tokar v. Bowersox, 198 F.3d 1039, 1045 (8th Cir. 1999). The issue a federal habeas court faces when deciding whether a state court unreasonably applied federal law is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000) (plurality opinion). A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254 (e)(1); Whitehead v. Dormire, 340 F.3d 532, 536 (8th Cir. 2003). Clear and convincing evidence that factual findings lack

evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1).

## V. DISCUSSION

Petitioner alleges that when the circuit court placed him in a community release center upon completion of the 120-day shock therapy, it exceeded its statutory authority under § 559.115, depriving him of due process. (Doc. 1 at 7; Doc. 15 at 6, 9-11.) Respondent asserts that petitioner is impermissibly requesting this court to reexamine questions of state law, and, alternatively, that the circuit court had the authority to order petitioner to report to a community release center under § 559.115.2. (Doc. 9 at 6.)

Federal courts may entertain an application for a writ of habeas corpus only on the ground that the prisoner's confinement violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Relief for violations of federal law by the state will be granted only if the violation rises to the level of a "fundamental defect which inherently results in a complete miscarriage of justice" or is inconsistent with rudimentary demands of fair procedure. Reed v. Farley, 512 U.S. 339, 354 (1994). Violations of state law are not cognizable in a § 2254 proceeding unless such violations are of constitutional magnitude. Pulley v. Harris, 465 U.S. 37, 41 (1984). Additionally, a petitioner may not transform a state-law issue into a federal one by merely asserting a violation of due process. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

Questions pertaining a state court's jurisdiction or legal authority are no exception to the general rule that federal courts will not engage in collateral review of state courts decisions based on state law. Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994) (noting that "no federal court to [its] knowledge has ever granted a writ where a state court's asserted lack of jurisdiction, resulted solely from the provisions of state law"). In Poe, Poe claimed that the trial court had violated a Missouri statute and thus lacked the jurisdiction to sentence him. Poe,

39 F.3d at 206. Poe argued that being sentenced by a court lacking jurisdiction denied him of due process in violation of the Fourteenth Amendment. Id. at 207. However, the Eighth Circuit found that "[t]o reach the question of denial of due process...[a] court must first determine that the sentencing court has no jurisdiction." Id. However, the court held that this determination is not "for the federal courts when the question of jurisdiction is one of valid state law only." Id.

As in Poe, petitioner Dear's argument that the trial court lacked legal authority is based solely on state law. See id. Petitioner bases his claim that the trial court lacked legal authority to impose a condition on his probation upon completion of the 120-day shock therapy under the Mo. Rev. Stat. § 559.115. (Doc. 1 at 7; Doc. 15 at 6, 9-11.) Therefore, since petitioner Dear's challenge of the trial court's authority is based on state law, it is not one for the federal courts to decide. See id.

To the extent that petitioner's allegation asserts that the trial court's conditioning the probation is an error of state law sufficiently egregious to amount to a denial of due process of law, it is without merit. Under Missouri law, when an offender is placed in a Department of Correction 120-day program, the offender shall be released on probation upon successful completion of the program. Mo. Rev. Stat. § 559.115.3 (2004). Missouri defines probation as "a procedure under which a defendant found guilty of a crime upon verdict or plea is released by the court without imprisonment, subject to conditions imposed by the court...." Mo. Rev. Stat. § 217.010.13 (2004). The conditions of probation shall be determined by the court's discretion to ensure that the offender will not violate the law again. Mo. Rev. Stat. § 559.021.1 (2004). In exercising its discretion, the court may place an offender in a community-based treatment center or may impose any other conditions authorized by law. See Mo. Rev. Stat. §§ 559.115.2 (2004) and 217.777.2 (2004).

Because the petitioner had successfully completed the Department of Corrections one hundred-day shock program, the trial judge possessed statutory authority to impose probation. See Mo. Rev. Stat. § 559.115. In requiring the petitioner to report to the Community Release center as

a condition of his probation, the trial judge was merely exercising his authorized discretion in determining conditions that would ensure that petitioner would not violate the law again. See Mo. Rev. Stat. § 559.021. Additionally, probation conditioned upon placement in a community release center is well recognized by Missouri law. See Mo. Rev. Stat. § 217.777.2 (community based treatment centers); see also Goddard v. State, 144 S.W.3d 848, 849 (Mo. Ct. App. 2004)(defendant was sentenced to four years suspended, fifty days shock jail time, and then probation with the condition that required him to attend "sex offenders treatment"). Therefore, petitioner's contention that the trial judge lacked the authority to impose conditions of probation following successful completion of a 120-day shock program is without merit.

Because the petitioner's challenge of the trial court's authority is without merit and is one of state law, there is no basis for federal habeas review of petitioner Dear's claim.

## VI. RECOMMENDATION

For the reasons stated above, it is the recommendation of the undersigned United States Magistrate Judge that the petition of Grayer Wayne Dear for a writ of habeas corpus be denied because it was untimely filed and because his ground for relief is one of state law and without merit.

The parties are advised that they have until close of business on October 29, 2008, in which to file written objections to this Report and Recommendation. The failure to file timely written objections may result in waiver of the right to appeal issues of fact.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 14, 2008.