UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GRAYER WAYNE DEAR, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 4:07-CV-1261 (CEJ) ) |
| JIM MOORE, | ) ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's objections to the Report and Recommendation of United States Magistrate Judge David D. Noce, to whom the matter was referred pursuant to 28 U.S.C. § 636(b). On October 14, 2008, Judge Noce issued a Report and Recommendation, recommending that the petition of Grayer Wayne Dear for a writ of habeas corpus under 28 U.S.C. § 2254 be denied. Petitioner has filed objections to the Magistrate Judge's Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court makes the following *de novo* determination of the portions of the report and the specified findings or recommendations to which objection is made.

**I. Background**

On January 27, 2003, in the Circuit Court of the City of St. Louis, Missouri, petitioner pled guilty to possession of a controlled substance, possession of drug paraphernalia, and trespassing. The trial court suspended imposition of sentence and placed petitioner on probation for a period of four years. On September 26, 2003, petitioner admitted violating the conditions of

his probation. The trial court revoked petitioner's probation, imposed a twelve-year term of imprisonment, suspended execution of the sentence, and placed petitioner on probation for five years. Petitioner appeared for another revocation hearing on April 2, 2004. At that time, the court revoked petitioner's probation and ordered execution of the previously imposed twelve-year sentence, with the understanding that petitioner would be given the opportunity to participate in the 120-day shock incarceration program under Mo.Rev.Stat. § 559.115. The trial court stated that it would consider probation in connection with petitioner's performance in the 120-day program. The court also informed petitioner of the procedure for seeking post-conviction review under Mo.S.Ct.R. 24.035.

Petitioner successfully completed the 120-day shock incarceration program. On July 28, 2004, the circuit court ordered petitioner's release from incarceration and placed him on probation for five years. As a special condition of probation, petitioner was required to report to a community release center for a minimum of 120 days. Petitioner failed to complete the required 120 days. On November 19, 2004, the circuit court revoked petitioner's probation and ordered execution of the remainder of his twelve-year sentence.

On July 10, 2007, petitioner file the instant petition pursuant to 28 U.S.C. § 2254, asserting the following claim for relief: The circuit court lacked the authority under Missouri law to order him to report to a community release center for 120 days

after he successfully completed the 120-day shock incarceration. Judge Noce determined that the petition was untimely filed and that his claim for relief presented a question of state law that could not form the basis for federal habeas relief.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), established a one-year statute of limitations within which state prisoners seeking habeas corpus relief must file their petitions. The limitation period begins on the latest of several events, only two of which are applicable in this case: the date on which judgment became final by conclusion of direct review or the time for seeking such review, and the date on which the factual basis for the claims could have been discovered by due diligence. § 2244(d)(1). Judge Noce determined that petitioner's judgment became final on November 5, 2003; however, the factual basis for petitioner's claim accrued on August 3, 2004, when petitioner was ordered to report to a community release center.

The one-year limitations period is tolled during the pendency of a properly-filed application for post-conviction relief. § 2244(d)(2). Under the applicable state rule, petitioner's post-conviction motion was due within 180 days of his delivery to the department of corrections. See Mo.S.Ct.R. 24.035(b). The 180 days began with the execution of sentence on April 2, 2004; petitioner did not file his post-conviction motion until January 20, 2005 and his motion was untimely. An untimely post-conviction application

-3-

is not "properly filed" and does not toll the one-year limitations period. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). And, petitioner's state petitions for habeas corpus relief were filed after the one-year limitations period had expired and thus cannot save his time-barred petition. Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2002).

In his objections, petition argues that the factual basis for his claim did not arise until September 8, 2006, when the Missouri Supreme Court issued its opinion in State ex. rel Mertens v. Brown, 198 S.W.3d 616 (Mo. 2006). As is discussed below, the proposition set forth in Mertens does not apply to the facts of this case. Petitioner thus cannot rely on Mertens to argue that his petition is timely. The Court agrees with the magistrate judge that petitioner did not timely file his habeas corpus petition.

The magistrate judge also considered petitioner's claim on its merits. Petitioner contends that the circuit court exceeded its statutory authority under Mo.Rev.Stat. § 559.115 when it ordered him to attend the community release center as a condition of probation. The magistrate judge rejected this claim, first, because violations of state law are not cognizable in a § 2254 proceeding and, second, the claim fails to state even a violation of state law, let alone an egregious violation amounting to a denial of due process.

Petitioner asserts that the circuit court was without jurisdiction to require him to attend community release, citing State ex. rel Mertens v. Brown, 198 S.W.3d 616 (Mo. 2006) in

-4-

support.  Assuming that such a jurisdictional challenge would entitle him to habeas corpus relief, petitioner is afforded no support by <u>Mertens</u>.  After Mertens successfully completed the 120-day program, the trial court denied him probation and ordered him to complete his sentence.  The Missouri Supreme Court held that, under § 559.115, the court could not deny probation and execute the sentence without first holding a hearing.  <u>Id.</u> at 618.  In this case, the trial court granted petitioner probation and thus complied with the statute.  Contrary to petitioner's assertion, <u>Mertens</u> did not hold that release on probation means release to home.  Petitioner's objection to a particular condition of probation does not entitle him to habeas corpus relief.

Following *de novo* review, the Court concludes that petitioner has failed to establish that the state courts' decisions on his claims were contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented in State court proceedings.  28 U.S.C. § 2254(d).

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge David D. Noce [Doc. #17] is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the petition of Grayer Wayne Dear for a writ of habeas corpus [#1] is **denied**.

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the

-5-

Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of February, 2009.